IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMIE LAWSON, Individually and on  **PLAINTIFF**
Behalf of All Others Similarly Situated

vs.   No. 5:20-cv-5137

TIMOTHY CORDER, JAMES   **DEFENDANTS**
CORDER and GARY CORDER

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jamie Lawson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Timothy Corder, James Corder and Gary Corder (hereinafter collectively "Defendant" or "Defendants"), and in support thereof, he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and practice of failing to pay Plaintiff and

other similarly situated individuals proper overtime wages under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

8. Plaintiff worked for Defendants within the Fayetteville Division of the Western District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.	THE PARTIES

10.	Plaintiff Jamie Lawson is an individual and resident of Benton County.

11.	Defendant Timothy Corder ("T. Corder") is an individual and resident of Arkansas.

12.	Defendant James Corder ("J. Corder") is an individual and resident of Arkansas.

13.	Defendant Gary Corder ("G. Corder") is an individual and resident of Arkansas.

14.	Defendants do business as Corder's Granite & Marble Company or Corder's Creative Granite & Marble.

15.	Corder's Granite & Marble Company was, at one point, registered with the Arkansas Secretary of State as a for-profit corporation, but it is now dissolved.

### IV.	FACTUAL ALLEGATIONS

16.	Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

17.	T. Corder has at all times relevant hereto controlled the day-to-day operations of Defendants' granite and marble enterprise such that he is liable to Plaintiff as an employer under the FLSA.

18.	T. Corder established and maintained the wage and employment practices at issue.

19.	T. Corder was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20.	J. Corder has at all times relevant hereto controlled the day-to-day

operations of Defendants' granite and marble enterprise such that he is liable to Plaintiff as an employer under the FLSA.

21.  J. Corder established and maintained the wage and employment practices at issue.

22.  J. Corder was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23.  G. Corder has at all times relevant hereto controlled the day-to-day operations of Defendants' granite and marble enterprise such that he is liable to Plaintiff as an employer under the FLSA.

24.  G. Corder established and maintained the wage and employment practices at issue.

25.  G. Corder was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

26.  During the relevant time, Defendants had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

27.  Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

28.  During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four employees.

29. Defendants were at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

30. Defendants have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

31. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

32. Plaintiff was employed by Defendants within the three (3) years preceding the filing of this Original Complaint.

33. Plaintiff worked for Defendants from June of 2016 until June of 2020 as a supervisor.

34. Plaintiff was paid an hourly rate.

35. Other workers were also paid an hourly rate, including, but not limited to, supervisors, bridge saw operators, installers, and receptionists (hereinafter collectively "Hourly Workers").

36. Plaintiff's job duties as a supervisor included, but were not limited to, taking work orders, granite and marble fabrication, product installation, inspecting products, ordering materials and tools for Defendants' shop and jobs, overseeing jobs, and making other Hourly Workers' schedules.

37. At all times material hereto, Defendants misclassified Plaintiff and other Hourly Workers as independent contractors and as exempt from the overtime requirements of the FLSA.

38. Plaintiff's and other Hourly Workers' work followed the usual path of employer-employee relationships; Defendants treated them as independent contractors

only for tax purposes and for Defendants' convenience.

39. At all times relevant hereto, Defendants knew that Plaintiff and other Hourly Workers were acting as employees, rather than as independent contractors, and treated them as employees.

40. Defendants expected Plaintiff and other Hourly Workers to follow Defendants' policies regarding their employment.

41. Defendants required Plaintiff and other Hourly Workers to satisfy whatever needs and requirements Defendants had.

42. Plaintiff and other Hourly Workers were hired to work for Defendants for a continuous and ongoing period of time.

43. Defendants determined Plaintiff's and other Hourly Workers' pay scale without input from or negotiation with them.

44. Defendants set prices for services without input from or negotiation with Plaintiff or other Hourly Workers.

45. Defendants made decisions on advertising Defendants' business without Plaintiff's or other Hourly Workers' input.

46. Plaintiff and other Hourly Workers did not negotiate contracts or price with Defendants' customers.

47. Defendants assigned Plaintiff and other Hourly Workers specific jobs and duties, and they were not allowed to refuse those jobs or duties.

48. Defendants required Plaintiff and other Hourly Workers to follow the directions of Defendants with respect to fabricating granite and marble and installing products.

49. Plaintiff and other Hourly Workers had no opportunity to share in Defendants' profits.

50. Plaintiff and other Hourly Workers had no opportunity to share in Defendants' losses.

51. Plaintiff and other Hourly Workers had no investment in Defendants' business or operations.

52. Defendants provided Plaintiff and other Hourly Workers with all tools necessary to perform their work, such as bridge saws, grinders, and all other tools and equipment necessary for fabricating marble and granite, installing appliances, and performing any other work required.

53. Plaintiff and other Hourly Workers wore uniforms bearing Defendants' company name.

54. Plaintiff regularly worked in excess of forty (40) hours per week throughout his tenure with Defendants.

55. Other Hourly Workers also regularly worked in excess of forty (40) hours per week while working for Defendants.

56. Defendant did not pay Plaintiff an overtime premium of one and one-half times his regular hourly rate for his hours worked in excess of forty (40) in a week.

57. Defendant did not pay other Hourly Workers an overtime premium of one and one-half times their regular hourly rate for their hours worked in excess of forty (40) in a week.

58. Plaintiff sometimes worked on the weekends, in addition to his regularly scheduled forty hours per week, averaging four (4) weekend hours per month.

Defendant did not compensate Plaintiff for all of the hours that he worked on weekends.

59. Plaintiff and other Hourly Workers are entitled to overtime wages for all hours worked over forty (40) per week.

60. It was Defendants' commonly applied practice to not pay Plaintiff and other Hourly Workers lawful overtime wages for hours worked in excess of forty (40) per week.

61. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and other Hourly Workers violated the FLSA and the AMWA.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Plaintiff brings his FLSA claims on behalf of all other similarly situated Hourly Workers that are or were employed by Defendants at any time within the applicable statute of limitations period who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of lawful overtime wages for all hours worked for Defendants over forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

56. Plaintiff proposes the following collective under the FLSA:

> All 1099 workers who worked over forty
> hours in any week within the past three years.

57. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

58. The relevant time period dates back three years from the filing of this Original Complaint and continues forward through the date of judgment, pursuant to 29 U.S.C. § 255(a).

59. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendants as independent contractors;

B. They were subject to Defendants' common pay policy and practice of paying a regular hourly rate for all hours worked, including hours worked above forty (40) hours per week;

C. They worked over forty hours per week in at least one week in the past three years;

D. They were subject to Defendants' common policy of denying lawful pay for all hours worked; and

E. They were subject to the numerous other policies and practices as described above.

60. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds thirty (30) persons.

61. Defendants can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email, and text

message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of one and one-half times the regular rate of pay for all hours worked over forty (40) in one week unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. During the period relevant to this lawsuit, Defendants misclassified Plaintiff as an independent contractor.

68. Despite the entitlement of Plaintiff to overtime wages under the FLSA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

69. Defendants' conduct and practices, as described above, were willful,

intentional, unreasonable, arbitrary, and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

71. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

72. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

73. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

74. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

75. Despite the entitlement of Plaintiff to overtime wages under the AMWA, Defendants failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

76. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendants are liable to

Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Arkansas Code Annotated § 11-4-218.

## VIII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

78. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81. During the period relevant to this lawsuit, Defendants misclassified Plaintiff and all similarly situated members of the putative collective as independent contractors.

82. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime premium for all hours worked over forty (40) in each one-week period, and instead deliberately chose to pay them at their regular rate of pay.

83. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and

costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

85. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jamie Lawson, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

C. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E. An order directing Defendants to pay Plaintiff and other similarly situated employees prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JAMIE LAWSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Daniel Ford
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com